UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD LEROY TIGHE, JR.,

                    Petitioner,                  Case No. 1:16-cv-1125

v.                                        Honorable Janet T. Neff

SHAWN BREWER,

                    Respondent.

_____/

## OPINION

        This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state-court remedies.

## Discussion

I.      Factual allegations

Petitioner Richard Leroy Tighe, Jr. presently is incarcerated at the G. Robert Cotton Correctional Facility.  Pursuant to a plea agreement, Petitioner pleaded guilty in the Cass County Circuit Court to one count of assault with intent to commit sexual penetration, MICH. COMP. LAWS § 750.520g(1).  On January 24, 2014, the circuit court sentenced Petitioner to a prison term of four to ten years, together with a fine of $500.00 and court costs of $500.00.

Petitioner filed an application for leave to appeal to the Michigan Court of Appeals, arguing that MICH. COMP. LAWS § 750.520g(1) does not allow the imposition of fines or costs.  On October 20, 2014, the court of appeals denied leave to appeal for lack of merit in the grounds presented.[1]

Petitioner sought leave to appeal to the Michigan Supreme Court on October 14, 2015, arguing that the failure to disclose the fine and court costs rendered his guilty plea involuntary. On May 13, 2015, while his application for leave to appeal was pending, Petitioner filed a motion for relief from judgment in the trial court, raising the following issues:  (1) his plea was involuntary because of his mental illness, memory issues, and the effects of his psychoactive medications; (2) his attorney rendered ineffective assistance of counsel by failing to inquire into the effects of the two psychiatric medications and failing to seek a competency hearing; and (3) the court violated due process by not conducting a competency evaluation, which would have shown Petitioner to be incompetent to enter the plea.   The motion for relief from judgment was denied on May 15, 2015.

---

[1]It appears that Petitioner also filed a motion to withdraw his plea in the trial court, contending that, because the fines and costs were not disclosed to him in his plea agreement, he should be permitted to withdraw his plea under MICH. CT. R. 6.310(C) and the Due Process Clause, as all of the consequences of his plea were not disclosed to him. His motion was denied by the trial court.

Nearly simultaneously, on May 14, 2015, Petitioner filed a motion in the supreme court to amend his application for leave to appeal, apparently attempting to raise the same issues presented in the motion for relief from judgment.  The supreme court issued an order on July 26, 2016, denying Petitioner's motion to amend to add the new issues, but remanding the case to the trial court to reconsider Petitioner's issue regarding the assessment of court costs.

On August 9, 2016, Petitioner filed a second motion for relief from judgment in the Cass County Circuit Court, apparently raising the same issues.  On August 25, 2016, the trial court held that the second motion for relief from judgment was both procedurally improper and meritless. In the same order, in response to the supreme court's order to remand, the court reconsidered and upheld the imposition of court costs.

Petitioner filed the instant petition on or about September 12, 2016.  In his petition, Petitioner raises four grounds:  (1) his right to due process was violated when he was not given an opportunity to withdraw the plea, because the trial court did not advise Petitioner of the possibility that a fine and costs could be imposed, rendering his plea involuntary; (2) his plea was void because the trial court failed to hold a competency hearing; (3) trial counsel was ineffective in failing to investigate Petitioner's mental health and the effects of Petitioner's psychoactive medications and in failing to seek a competency evaluation; and (4) ineffective assistance of appellate counsel in failing to raise the other claims and failing to advise Plaintiff of his right to file a Standard 4 brief on appeal.

II.    Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  Exhaustion requires a petitioner to "fairly present" federal claims so that state courts

have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim.  *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982).  To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court.  *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).  "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan*, 526 U.S. at 845.  The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts.  *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion.  *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).  According to the petition, Petitioner may have exhausted his first ground for relief, depending on whether he actually raised the due process claim in his application for leave to appeal to the Michigan Court of Appeals.  However, the remaining issues were not properly presented to all levels of the Michigan courts, as they were presented for the first time in his motion to amend his application for leave to appeal to the Michigan Supreme Court, which was denied.  Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation."  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court.  *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir.

2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010).  Moreover, where, as here, the supreme court has denied the motion to amend the application for leave to appeal to include new issues, the court has expressly determined that the issues were not considered.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application. He already has filed his one motion for relief from judgment under MICH. CT. R. 6.502(G)(1).  He has not, however, appealed the trial court's May 15, 2016 order denying Petitioner's first motion for relief from judgment.  *See* MICH. CT. R. 6.509(A) (providing that appeal to the Michigan Court of Appeals is by application under MICH. CT. R. 7.205 and must be filed within six months from the decision being appealed under MICH. CT. R. 7.205(G)(3)).[2]  In order to properly exhaust his claim, Petitioner must appeal the denial of his motion for relief from judgment to both the Michigan Court of Appeals and the Michigan Supreme Court.  *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed."  Under *Rose v. Lundy*, 455 U.S. 509, 522 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies.  However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review.  This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations  period is not tolled

---

[2]The Court observes that the six-month period for appealing the May 15, 2016 trial court order will expire on November 15, 2016.  Petitioner therefore must act promptly in order to avoid forfeiting his right to appeal that order. Moreover, because the trial court denied Petitioner's second motion for relief from judgment on August 25, 2016, Petitioner appears barred from appealing that order insofar as it denied his second motion for relief from judgment. Nevertheless, he arguably may be able to appeal directly from that portion of the order that denied reconsideration of the issue remanded by the supreme court.

during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines v. Weber*, 544 U.S. 269, 277 (2007) (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on July 26, 2016. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, September 26, 2016. As a result, the period of limitations ordinarily would have begun to run as of that date. However, Petitioner had already filed his motion for relief from judgment before September 26, 2016. A properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending. *See* 28 U.S.C. § 2244(d)(2). The statute of limitations remains tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). Because Petitioner's first

-6-

motion was pending when the supreme court issued its decision on Petitioner's direct appeal, the one-year period of limitations will not even begin to run until after the Michigan Supreme Court issues its order denying leave to appeal on the motion for relief from judgment.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*). Petitioner has far more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore a stay of these proceedings is not warranted. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## <u>Conclusion</u>

For the foregoing reasons, the Court will dismiss the petition for failure to exhaust available state-court remedies. Petitioner's motion for release pending review of the petition (ECF No. 3) therefore is moot.

## **Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.   A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service.  It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court already has determined that the action is so lacking in merit that service is not warranted.  *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr.*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved the issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.* at 467.  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

An Order and Judgment consistent with this Opinion will be entered.


Dated:  October 27, 2016                          /s/ Janet T. Neff
                                                  Janet T. Neff
                                                  United States District Judge